C. R. SMITH v. J. L. HOPPER.

(Filed 6 December, 1916.)

**1. Appeal and Error—Costs—Findings—Parol Evidence—Contracts—Objections and Exceptions.**

The Supreme Court will not disturb on appeal the findings of a trial judge, in taxing costs, that a parol agreement construed with a written agreement constituted a contract between the parties, when exception thereto has not been aptly taken.

**2. Appeal and Error—Costs—Findings—Trespass—Stock Law—Impounding Cattle—Demand.**

Where it is found by the trial judge on an appeal from taxing cost of an action that the parties were lessors and lessees of certain lands, with a further agreement that defendant would pasture plaintiff's cow, had breached his contract in this respect by turning the cow out of the pasture and had later impounded her while straying on other of his lands in stock-law territory; that defendant threatened to turn out plaintiff's cow, as stated, unless he came for her, which he refused to do: *Held,* the plaintiff's cow was rightfully in defendant's pasture; this was no act of trespass; the cow was wrongfully impounded; the evidence established a refusal of defendant's demand, and the costs were properly taxed against him.

CIVIL ACTION tried before *Webb, J.,* at January Term, 1916, of CLEVELAND.

This is an action to recover possession of a cow, commenced before a justice of the peace, who rendered judgment in favor of the plaintiff for the cow and for costs.

The defendant appealed from that part of the judgment taxing him with the costs, and upon the hearing in the Superior Court the following facts were found:

Plaintiff was a tenant of the defendant for the year 1915, and in addition to renting the plaintiff certain lands, the defendant agreed that the plaintiff should have the right to keep not exceeding two cows in defendant's pasture, although this part of the agreement was not included in the written contract of rental; that in pursuance of this agreement the plaintiff kept one cow in the defendant's pasture during the year 1915 continuously, along with defendant's cows, and until the defendant, in the fall of 1915, while gathering his corn and hauling it along the road which passed through the pasture, notified plaintiff three times to take his cow out of the pasture and keep it until the defendant finished hauling the corn.

The plaintiff refused to take his cow out of the pasture, and defendant left the bars down and plaintiff's cow went out of the pasture into

defendant's cornfield, whereupon defendant took the cow into his possession and carried her away nearly one-half mile, and placed her in his lot. Plaintiff telephoned to defendant, requesting that he return his cow to pasture by 10 o'clock next morning, and notified him that if he did not do so he would take out claim and delivery papers for his cow, whereupon the defendant replied that plaintiff could get his cow any time he wanted her if he would keep her up until he had finished hauling his corn. The plaintiff waited until after the time expired in which he had notified defendant to return the cow to pasture, and the cow not having been returned, plaintiff procured a justice of the peace to issue claim and delivery papers and instituted suit for the possession of his property.

His Honor sustained the judgment of the justice's court, including that portion which taxed the defendant with the costs of the action, to which judgment defendant excepted and appealed.

*Ryburn & Hoey for plaintiff.*
*L. B. Wetmore and Quinn, Hamrick & Harriss for defendant.*

ALLEN, J. The principal reasons urged in the brief of the defendant against the judgment rendered are (1) that parol evidence was not admissible to prove the agreement that the plaintiff was to have the right to keep two cows in the pasture of the defendant, as there was a written contract of lease; (2) that the plaintiff was a licensee or trespasser, and it was his duty to take the cow out of the pasture when required to do so; (3) that the cow was in the stock-law territory and the defendant had the right to impound her; (4) that there was no demand for possession before the commencement of the action.

The answer to these positions is that there was no objection to the parol evidence, and upon it the court has found as a fact that a valid contract subsisted, which gave the plaintiff the right to keep his cow in the pasture.

If so, the plaintiff was not a licensee or trespasser, but was acting as of right, and the defendant could not wrongfully turn out the cow in his own field and then impound her.

These findings also establish a demand and refusal, because under them the defendant had no right to take the cow from the pasture, nor to impose as a condition for a return of the cow that the plaintiff should "keep her up."

Affirmed.